UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CLARENCE ROGERS,

    Plaintiff,

v.

KING COUNTY, *et al.*,

    Defendants.

CASE NO. 2:23-cv-01034-DGE-GJL

ORDER ON MOTIONS

Plaintiff Ray Clarence Rogers, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court are six Motions filed by Plaintiff. Dkts. 18, 19, 20, 21, 22, 23.

**I.  DISCUSSION**

**1.  Motion to Amend Complaint (Dkt. 22)**

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

ORDER ON MOTIONS - 1

service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff filed a Motion to Amend his Complaint (Dkt. 22) prior to service and prior to the filing of a responsive pleading. *See* Dkt. Therefore, Plaintiff has the right to file an amended complaint as a matter of course. "When the plaintiff has the right to file an amended complaint as a matter of course, [ ] the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Thomas v. Home Depot U.S.A., Inc.*, 2007 WL 2140917, * 2 (N.D. Cal. July 25, 2007) (quoting *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007)). Accordingly, Plaintiff's Motion to Amend (Dkt. 22) is **GRANTED**.

The Amended Complaint (Dkt. 16) will act as a complete substitute for the original Complaint, and not as a supplement.

**2.      Motion for Leave to Add Supplemental Pleading and to Consolidate Cases (Dkt. 23)**

Plaintiff has filed a Motion titled, "Motion Requesting Leave to Add Additional Supplemental Pleading." Dkt. 23. In the Motion, Plaintiff states that, since filing another matter at *Rogers v. Weaver, et al.*, Case No. 2:23-cv-01160-JCC-GJL (Wa. W.D.), "a new constitutional violation has occurred," and therefore, requests that this other matter be added as a supplemental pleading to the instant case. *See* Dkt. 23. As such, Plaintiff appears to be trying to consolidate this action with another case, *Rogers v. Weaver*, 2:23-cv-01160-JCC-GJL.

The Court has examined the two actions. In the instant action, Plaintiff has raised claims relating to the conditions at the King County Jail, including inadequate ventilation and unsanitary meal preparation. Dkt. 16. He also has alleged a denial of access to the courts, and a refusal of Jail officials to respond to his filed grievances. *Id*. In the other action, *Rogers v. Weaver,* 2:23-

ORDER ON MOTIONS - 2

1   cv-01160-JCC-GJL, Plaintiff alleges that Jail officials tampered with his legal mail and placed

2   him in informal disciplinary punishment without due process. *Id*., Dkt. 6. In that action,

3   Plaintiff's Complaint has been served and Defendants have filed a Motion to Dismiss pursuant to

4   Federal Rule of Civil Procedure 12(b)(6). *See id*., Dkts. 7, 20.

5       Upon review, the Court finds no reason to consolidate these two actions. Plaintiff's

6   Complaints in the separate actions discuss different incidents and allegations, and involve

7   different defendants and constitutional claims. As such, the claims belong in separate complaints,

8   each subject to separate filing fees and screening requirements. Therefore, Plaintiff's request

9   (Dkt. 23) to supplement the instant action with the allegations set forth in *Rogers v. Weaver*,

10  2:23:cv-01160-JCC-GJL, is **DENIED**.

11  **3.     Motion for Court to Intervene as Appropriate Regarding Plaintiff's Legal
            Documents to Court Being Intercepted (Dkt. 19); Motion for Court to Issue Cease
12          and Desist Order (Dkt. 20)**

13      Plaintiff has filed two Motions requesting the Court intervene in the Jail's procedures for

14  Plaintiff submitting legal documents with the Court, in particular Plaintiff's Amended

15  Complaint. Dkts. 19 & 20. More specifically, Plaintiff alleges Jail officials have intercepted the

16  mailing of his Amended Complaint. *See* Dkt. 20.

17      The Court notes that it has, in fact, received Plaintiff's Amended Complaint (Dkt. 16) for

18  filing. The Court has also received several other filings from Plaintiff since he filed the Amended

19  Complaint and the instant Motions. *See* Dkts. 11, 14. Therefore, it appears that Plaintiff no

20  longer requires the Court's intervention with respect to the filing of his Amended Complaint.

21  The Motions (Dkts. 19 & 20) are **DENIED as moot**.

ORDER ON MOTIONS - 3

4.     **Motion to Appoint Counsel (Dkt. 18)**

Plaintiff seeks the appointment of counsel. *See* Dkt. 18. There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff has not demonstrated that extraordinary circumstances exist requiring the appointment of counsel. Plaintiff cites his indigency, despite paying the filing fee, as well as a perceived limited ability to litigate his case, but these are not extraordinary circumstances that set him aside from other prisoner plaintiffs. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants") (citations omitted). Moreover, Plaintiff has demonstrated a sufficient grasp of the legal issues involved in

this case, having filed an Amended Complaint and multiple motions. In addition, at this stage of the litigation, the Court cannot determine whether Plaintiff is likely to prevail on the merits.

This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. Therefore, Plaintiff's request for counsel (Dkt. 18) is **DENIED without prejudice**, meaning that Plaintiff may renew the Motion at a later date upon a showing of exceptional circumstances.

**5.      Motion to Appoint Expert Witness (Dkt. 21)**

Plaintiff is seeking the appointment of an expert witness to "professionally examine the conditions of the inadequate ventilation and inoperable exhaust vents in pertinence to present and future harm." Dkt. 21 at 3.

Federal Rule of Evidence 702 allows for an expert witness to testify about matters if, among other requirements, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Parties may call their own expert witnesses. In addition, Federal Rule of Evidence 706 authorizes the Court to "order the parties to show cause why expert witnesses should not be appointed[.]" Fed. R. Evid. 706(a). The expert so appointed is entitled to such reasonable compensation as the court may allow, and, in a civil case, unless funds have been provided by law to pay the compensation, the compensation is "paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs." Fed. R. Evid. 706(b).

Here, at this point in the proceedings, Defendants have not been served with a complaint, nor have they filed a responsive pleading. No dispositive motions have been filed, and the Court has not yet had the opportunity to review the parties' evidence and arguments in the context of a

ORDER ON MOTIONS - 5

summary judgment motion. The Court finds that, at this time, it is premature to decide whether the appointment of the requested expert is warranted because the Court has not yet reviewed whether the issues are so complex as to require the testimony of an expert or experts to assist the trier of fact. Accordingly, Plaintiff's Motion to Appoint an Expert Witness (Dkt. 21) is **DENIED without prejudice** to Plaintiff's renewing such motion, or the Court *sua sponte* considering such appointment, at an appropriate later date. *Accord Wallace v. Dep't of Corr.*, No. 3:19-cv-05330-RJB-JRC, 2019 WL 3944315, at *1 (W.D. Wash. Aug. 21, 2019).

## II.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

(1) The Motion to Amend the Complaint (Dkt. 22) is **GRANTED**. The Amended Complaint (Dkt. 16) is deemed the operative Complaint in this matter.

(2) The Motion for Leave to Add Additional Supplemental Pleading and to Consolidate Cases (Dkt. 23) is **DENIED**.

(3) The Motion for Court to Intervene as Appropriate Regarding Plaintiff's Legal Documents to This Court Being Intercepted (Dkt. 19) and the Motion for Court to Issue Cease and Desist Order (Dkt. 20) are **DENIED as moot**.

(4) The Motion to Appoint Counsel (Dkt. 18) is **DENIED without prejudice**.

(5) The Motion to Appoint Expert Witness (Dkt. 21) is **DENIED without prejudice**.

Dated this 23rd day of October, 2023.

Grady J. Leupold
United States Magistrate Judge