UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CLARENCE ROGERS,<br><br>                Plaintiff,<br>    v.<br><br>KING COUNTY, *et al*.<br><br>                Defendants. | CASE NO. 2:23-cv-01034-DGE-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: January 19, 2024 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court is Plaintiff's Motion for Preliminary Injunction (the "Motion") wherein Plaintiff requests injunctive relief. Dkt. 17. After considering the record, the Court recommends Plaintiff's Motion be **DENIED**.

## I.    PROCEDURAL HISTORY

Plaintiff filed a Motion to Proceed *In Forma Pauperis* and attached his proposed complaint on July 10, 2023. Dkt. 1. Plaintiff ultimately paid the filing fee and, subsequently, filed an Amended Complaint on August 28, 2023. Dkt. 16. That same day, Plaintiff filed the instant Motion. Dkt. 17. The Court directed service of Plaintiff's Amended Complaint on

REPORT AND RECOMMENDATION - 1

October 24, 2023, and Defendants responded to the Motion on November 20, 2023. Dkts. 26, 38. Plaintiff filed his Reply on December 11, 2023. Dkt. 44.

## II.  BACKGROUND

Plaintiff, a pre-trial detainee at King County Correctional Facility (KCCF) proceeding *pro se*, alleges that Defendants violated his constitutional rights by (1) providing inadequate ventilation to his unit; (2) hindering his criminal legal defense by failing to provide him with an ink pen and legal books, to notify him that his *pro se* status was verified, and prohibiting him from making copies of legal documents; (3) failing to respond and address his prison grievances; and (4) serving food on unsanitary trays. Dkt. 16 at 11–36.

In the present Motion, Plaintiff argues that the Court should issue a preliminary injunction requiring Defendants to immediately (1) repair the ventilation and exhaust system in Plaintiff's unit; (2) provide Plaintiff with "the proper and current legal books that are necessary and reasonable" for Plaintiff's criminal defense; (3) supply Plaintiff with a jail safety ink pen; and (4) ensure Plaintiff has access to sanitary and nutritious meals. Dkt. 17 at 3; Dkt. 44 at 2.

## III.  DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

//

//

REPORT AND RECOMMENDATION - 2

1  The Court applies substantially identical standards when determining whether to issue a temporary restraining order ("TRO") or a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). This relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winters v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (stating injunctions are to be used sparingly, and only in a clear and plain case).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if [1] there are serious questions going to the merits; [2] there is a likelihood of irreparable injury to the plaintiff; [3] the balance of hardships tips sharply in favor of the plaintiff; and [4] the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

A.  **Claims Regarding the Ventilation and Exhaust System**

In his Amended Complaint, Plaintiff alleges that King County, the Department of Juvenile and Adult Detention, Allen Nance, Greg Curtis, and an unnamed prison employee, transferred Plaintiff to a unit at KCCF with knowledge of its "inadequate ventilation system and

REPORT AND RECOMMENDATION - 3

inoperable exhaust vents." Dkt. 16 at 8. Plaintiff was transferred to the unit on June 11, 2023, and remains there currently. Dkt. 16 at 11; Dkt. 17 at 5. Plaintiff alleges that he and other pretrial detainees "immediately noticed that the ventilation system was and still is not adequately working and that the exhaust vents are not working at all," informed an officer of the issue, who also "noticed the unit was hot and that no air was blowing," and said that he would notify KCCF maintenance. Dkt. 16 at 11. A different officer, Sgt. Verchoff, responded to the unit and spoke with the detainees about the issue, but it was not resolved. *Id.* at 12. Plaintiff and other detainees filed grievances concerning the issue but did not receive a response. *Id.* Plaintiff alleges that he experiences moments of "being barely able to breathe," lack of sleep and restlessness, excessive heat, panic attacks, and is possibly being exposed to airborne illnesses because of the poor ventilation. Dkt. 16 at 15–16. Finally, Plaintiff alleges that these ventilation issues have existed since September 2022. Dkt. 16 at 15.

In his Motion, Plaintiff argues that the Court should require Defendants to repair the ventilation and exhaust vents immediately and appoint an expert witness to investigate conditions in the unit. Dkt. 17 at 10. Plaintiff's arguments fail for multiple reasons.

First, Plaintiff has not shown serious questions going to the merits because he has not plausibly alleged liability for any particular defendant. The Department of Juvenile and Adult Detention is not a proper defendant. *Lang v. Washington*, No. C20-5057 BHS, 2020 WL 6799021, at *2 (W.D. Wash. Nov. 18, 2020) ("a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred") (quoting *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008)). Further, Plaintiff's broad and conclusory allegations are insufficient to identify a

REPORT AND RECOMMENDATION - 4

King County "policy or custom" that would subject it to *Monell* liability for the faulty air vents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

With respect to the individual Defendants, Plaintiff has not plausibly alleged that they were aware of any malfunctions, nor that the inadequate ventilation "undermines the health of inmates and sanitation of the penitentiary." *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) (quoting *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)), *amended by* 135 F.3d 1318 (9th Cir. 1998). Plaintiff has only broadly alleged that the unit was hot, he experienced difficulty breathing, and has not rebutted evidence submitted by Defendants showing "the ventilation system of the 7th floor was running properly in the summer of 2023, and has been continuously working since that time" and "has a dual motor that operates with a back-up in case of any malfunction." Dkt. 38 at 13 (citing Dkt. 40).

Second, Plaintiff has not shown a likelihood of irreparable injury, because he has not plead any harm beyond mere discomfort nor specified the frequency and intensity of this discomfort; such as how long or how often he feels hot or short of breath. As mentioned above, Plaintiff has also failed to contest the Defendants' evidence that the ventilation systems are functioning properly.

Lastly, the balance of equities does not tip in Plaintiff's favor, especially when considered in light of the deference that federal courts must afford to the government in the administration of state prisons and the speculative nature of Plaintiff's arguments. It is well-established that "'the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs'"—a holding that applies particularly strongly in cases involving the administration of state prisons. *See Rizzo*, 423 U.S. at 378–79 (quoting *Cafeteria & Restaurant Workers Union v. McElroy*, 367 U.S. 886, 896 (1961) (internal quotation

omitted)); *Turner v. Safely*, 482 U.S. at 85 (1987) ("Where a state penal system is involved, federal courts have [. . .] additional reason to accord deference to the appropriate prison authorities.").

**B.     Claims Regarding Plaintiff's Legal Defense**

Plaintiff alleges that Defendants Moses, Curtis, and Herzer are regularly denying *pro se* pre-trial detainees' requests for Washington State criminal law and practice books, hampering the ability of detainees (including Plaintiff) to defend themselves in their criminal matters. Dkt. 16 at 23. He further alleges that King County maintains a policy of only providing detainees with pencils, which are "inadequate for Plaintiff to make notes, drafts and prepare written motions and briefs, and comply with court rules in providing conformed copies," and place Plaintiff's documents "at risk of being mishandled and/or altered." *Id.* at 29. He requests that the Court order Defendants to provide him with both a jail safe ink pen and "the proper and current legal books that are necessary and reasonable" for Plaintiff's criminal defense. Dkt. 17 at 4.

Defendants argue that this claim is moot because, on November 17, 2023, the State Court appointed Plaintiff counsel in his criminal matter. Dkt. 38 at 15 (citing Dkt. 41). This Court agrees, and Plaintiff's argument that he "may possibly have to" represent himself again at some point in the future, Dkt. 44 at 8, falls short of showing a likely irreparable injury.

Plaintiff also fails to respond to Defendants' arguments that this claim is barred by issue preclusion because of the State Court's denial of Plaintiff's writ of mandamus on this very issue. *See* Dkt. 38 at 15. Thus, the Court recommends that Plaintiff's Motion be denied as to this claim.

**C.     Claims Regarding Unsanitary Trays and Meals**

Finally, Plaintiff alleges that Defendants Nance, King County, and an unnamed Defendant who works as the food service manager execute a policy "that consists of Plaintiff

REPORT AND RECOMMENDATION - 6

1  being forced to eat cold food from plastic food meal trays that are unsanitarily [sic] stained and
2  layered with uncleanable nasty black filth." Dkt. 16 at 36. Plaintiff argues that these conditions
3  promote bacterial growth and present an immediate danger to his health and well-being. Dkt. 44
4  at 10.

5      This claim is unlikely to succeed on the merits for the same reasons as Plaintiff's
6  allegations concerning the prison ventilation system. Plaintiff does not allege a King County
7  policy or custom of serving unsanitary meals, does not connect the individual Defendants to the
8  unsanitary conditions, and, critically, fails to respond to Defendants' evidence that the trays are
9  cleaned after each use and replaced as needed, which a May 2023 health inspection validated.
10 Dkt. 38 at 19 (citing Dkt. 39).

11     Plaintiff also fails to show a likelihood of irreparable harm because he only vaguely
12 refers to potential sicknesses from unsanitary food. *See* Dkt. 16 at 37. He does not, for example,
13 specify how frequently he receives unsanitary trays, identify what kinds of food are being served
14 cold and how often, or allege that he or any other inmate has suffered a foodborne illness or any
15 discomfort from eating unsanitary food. Because Plaintiff has not shown a likelihood of
16 irreparable harm or that he is likely to succeed on the merits, the Court recommends that
17 Plaintiff's Motion be denied as to this claim.

18                 **IV.    BACKGROUND**

19     Based on the foregoing, the Court concludes Plaintiff is not entitled to a preliminary
20 injunction. Accordingly, the Court recommends Plaintiff's Motion for Preliminary Injunction
21 (Dkt. 17) be **DENIED without prejudice**.

22     Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties
23 shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.
24

R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 19, 2024, as noted in the caption.

Dated this 3rd day of January, 2024.

Grady J. Leupold
United States Magistrate Judge