UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CLARENCE ROGERS,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>KING COUNTY, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cv-01034-DGE-GJL<br><br>ORDER ON MOTION TO RECUSE |

This matter is before the Court on Plaintiff's motion for the undersigned to recuse himself from this case. *See* Dkt. 58. The undersigned declines to recuse himself voluntarily and refers the matter to the Chief Judge for consideration.

**I.　　DISCUSSION**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also shall disqualify himself where the judge meets one of five grounds specified in § 455(b). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

ORDER ON MOTION TO RECUSE - 1

prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Local Civil Rule 3(f) additionally provides that—

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff asserts that the Court is biased against him because the Court has rejected arguments and denied motions filed by Plaintiff in both the present matter and a second case brought by Plaintiff, *Rogers v. Weaver, et al.*, 2:23-cv-01160-JCC-GJL.  Dkt. 58 at 2-4.  More specifically, Plaintiff asserts that the Court "disregarded the declarations submitted by other similarly situated detainees" and "intentionally ma[de] incorrect analysis of Plaintiff's Motions and Complaint, in a manner to protect the Defendants from fault and liability." *Id.* at 3-4.

The Court has rejected Plaintiff's arguments because they lacked merit. For instance, although the Court did not cite to various Declarations in its Report and Recommendation, alleged disregard of these Declarations does not support Plaintiff's accusation of bias against the

ORDER ON MOTION TO RECUSE - 2

Court. To be sure, a Report and Recommendation unfavorable to Plaintiff that relies on the record does not indicate bias on the part of the Court.

## II.     CONCLUSION

The undersigned **DECLINES** to recuse himself from the matter. The motion (Dkt. 58) is **REFERRED** to Chief Judge David G. Estudillo for review. The Clerk is directed to place the motion for the recusal of the undersigned on Chief Judge Estudillo's calendar.

Dated this 26th day of January, 2024.

Grady J. Leupold
United States Magistrate Judge