1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

RAY CLARENCE ROGERS,

11

Plaintiff,

v.

12

KING COUNTY, *et al.*,

13

Defendants.

14

CASE NO. 2:23-cv-01034-DGE-GJL

ORDER ON MOTIONS

15      Plaintiff Ray Clarence Rogers, a prisoner proceeding *pro se*, filed this civil rights action

16    pursuant to 42 U.S.C. § 1983. Currently pending before the Court are three Motions filed by

17    Plaintiff. Dkts. 51, 57, 74.

18                          **I.      DISCUSSION**

19    **1.      Motion to Appoint Expert Witness (Dkt. 51)**

20      Plaintiff seeks the appointment of multiple expert witnesses, including (1) an engineer to

21    testify about the ventilation system of King County Jail and rebut Defendants' evidence that any

22    ventilation issues have been fixed; (2) a food service or health professional to testify about

23

24

ORDER ON MOTIONS - 1

1  allegedly unsanitary meals served by the Jail; and (3) an expert to "assess the adequacy of the

2  Jail's legal resource system/services for *pro se* pre-trial detainees." Dkt. 51 at 5–6.

3        Federal Rule of Evidence 702 allows for an expert witness to testify about matters if,

4  among other requirements, "the expert's scientific, technical, or other specialized knowledge will

5  help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid.

6  702(a). Parties may call their own expert witnesses. In addition, Federal Rule of Evidence 706

7  authorizes the Court to "order the parties to show cause why expert witnesses should not be

8  appointed[.]" Fed. R. Evid. 706(a). The expert so appointed is entitled to such reasonable

9  compensation as the court may allow, and, in a civil case, unless funds have been provided by

10  law to pay the compensation, the compensation is "paid by the parties in such proportion and at

11  such time as the court directs, and thereafter charged in like manner as other costs." Fed. R. Evid.

12  706(b).

13        The Court finds that, at this time, it is premature to decide whether the appointment of the

14  requested experts are warranted because the Court has not considered Defendants' pending

15  Motion to Dismiss. Dkt. 48. Thus, the Court has not yet reviewed whether the issues are so

16  complex as to require the testimony of an expert or experts to assist the trier of fact. Accordingly,

17  Plaintiff's Motion to Appoint an Expert Witness (Dkt. 51) is **DENIED without prejudice** to

18  Plaintiff's renewing such motion, or the Court *sua sponte* considering such appointment, at an

19  appropriate later date. *Accord Wallace v. Dep't of Corr.*, No. 3:19-cv-05330-RJB-JRC, 2019 WL

20  3944315, at *1 (W.D. Wash. Aug. 21, 2019).

21  **2.      Motion for Doe Discovery (Dkt. 57)**

22        Plaintiff seeks to "obtain discovery regarding the names and identities of John Doe

23  Defendants," namely (1) the King County Jail official who authorized that Plaintiff be

24

ORDER ON MOTIONS - 2

1    transferred to the unit which he alleges has inadequate ventilation, (2) the maintenance engineer

2    responsible for operating and maintaining the unit's exhaust vents, and (3) the food service

3    manager responsible for sanitation of the facility's food trays. Dkt. 57 at 2. Defendants point to

4    their pending Motion to Dismiss, arguing Plaintiff has failed to plead facts showing "that the

5    alleged conditions put him at a substantial risk of suffering serious harm," dooming his claims

6    against identified and unidentified Defendants alike. Dkt. 57 at 4 (citing Dkt. 48). Defendants

7    also argue that they have already provided information sufficient to identify two of the three Doe

8    Defendants, and that Plaintiff has had ample time to collect additional information via discovery

9    and amend his pleadings. Dkt. 67 at 5 (citing Dkts. 39 and 40).

10          As Plaintiff notes in his Reply, the Court has not yet issued a scheduling order in this

11    matter. Dkt. 73 at 6. Thus, it is reasonable for the parties to have not yet engaged in any

12    discovery. The Court treats the Motion for Doe Discovery as a motion to compel, and, in the

13    interests of justice and judicial economy, **GRANTS** the Motion (Dkt. 57). Defendants are

14    required to identify each of the three Doe Defendants described in the Motion by March 6, 2024.

15    Plaintiff may file an Amended Complaint by March 22, 2024. Defendants' Motion to Dismiss

16    (Dkt. 48) is re-noted for March 22, 2024. Plaintiff's Motion for Extension of Time to Serve Doe

17    Defendants (Dkt. 74) is **DENIED as moot**.

18    //

19    //

20    //

21    //

22    //

23

24

ORDER ON MOTIONS - 3

## II.    CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

(1)    The Motion to Appoint Expert Witness (Dkt. 51) is **DENIED without prejudice**.

(2)    The Motion for Doe Discovery (Dkt. 57) is **GRANTED**. The Clerk's Office is directed to re-note the Motion to Dismiss (Dkt. 48) for March 22, 2024.

(3)    The Motion for Extension of Time to Serve Doe Defendants (Dkt. 74) is **DENIED as moot**.

Dated this 27th day of February, 2024.

Grady J. Leupold
United States Magistrate Judge