UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CLARENCE ROGERS,

      Plaintiff,

  v.

KING COUNTY, *et al.*,

      Defendants.

CASE NO. 2:23-cv-01034-DGE-GJL

ORDER ON SECOND MOTION TO RECUSE

This matter is before the Court on Plaintiff's second motion for the undersigned to recuse himself from this case. *See* Dkt. 90. The undersigned declines to recuse himself voluntarily and refers the matter to the Chief Judge for consideration.

**I.  DISCUSSION**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also shall disqualify himself where the judge meets one of five grounds specified in § 455(b). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

ORDER ON SECOND MOTION TO RECUSE - 1

prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Local Civil Rule 3(f) additionally provides that—

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff asserts that the Court is biased against him because the Court (1) rejected Plaintiff's Proposed Amended Complaint (Dkt. 80) due to several deficiencies and (2) issued a two-week deadline for Plaintiff to cure and re-file his Amended Complaint. Dkt. 90 at 7–9.

First, the Court rejected Plaintiff's Proposed Amended Complaint because it was 95 pages long (around twice the length of the previous Complaint) and included new claims against new defendants. Dkt. 85 at 2–3. Specifically, the new claims alleged that Plaintiff was treated inhumanely by nurses assisting with his suboxone treatment. *Id.* The Court found that joinder of these claims was improper as they were unrelated to existing claims of poor ventilation in Plaintiff's jail cell, unsanitary meal trays, and lack of access to courts and to the jail's grievance system. *Id.* In the present Motion, Plaintiff argues that the nurses may be joined in this action

under Rule 20(a)(2), and that "the question of law and fact is common to all defendants' in the context of inhumane conditions and/or unsanitary conditions." Dkt. 90 at 8. The mistreatment of inmates by medical staff, however, is quite distinct from the existing legal issues in this case. More importantly, the Court's finding of such a difference is no indication that the Court is biased against Plaintiff.

Second, Plaintiff argues that the Court's complaint amendment deadline of 14 days was, in and of itself, evidence of the Court's bias against him. Dkt. 90 at 8–9 (citing Dkt. 85). The Court found this deadline to be an appropriate timeline given that the re-filed Amended Complaint is likely to share many of the same facts as the Proposed Amended Complaint, which the Court found deficient. Dkt. 80. However, Plaintiff subsequently moved for an extension, noting that his delay in receiving documents caused him to only have eight days to file and that he did not have a copy of his Proposed Amended Complaint. Dkts. 91, 92. The Court is prepared to grant a one-month extension and order the Clerk to provide copies of the Proposed Amended Complaint should the District Judge affirm the denial of the present Motion. 28 U.S.C. § 144. Thus, Plaintiff's arguments alleging bias and its appearance are unwarranted.

## II.   CONCLUSION

The undersigned **DECLINES** to recuse himself from the matter. The motion (Dkt. 90) is **REFERRED** to Chief Judge David G. Estudillo for review. The Clerk is directed to place the motion for the recusal of the undersigned on Chief Judge Estudillo's calendar.

Dated this 15th day of April, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER ON SECOND MOTION TO RECUSE - 3