UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Ray Clarence Rogers,<br><br>                    Plaintiff,<br>     v.<br><br>King County et al,<br><br>                    Defendants. | CASE NO. 2:23-cv-1034<br><br>ORDER AFFIRMING DENIAL (DKT. NO. 98) OF MOTION FOR RECUSAL (DKT. NO. 90) |

   This matter comes before the Court on United States Magistrate Judge Grady J. Leupold's order (Dkt. No. 98) denying Plaintiff's motion for recusal (Dkt. No. 90). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."

   Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a), (b)(1). In addition, recusal is required pursuant to § 144 when a party "files a timely and sufficient

affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Critically, bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). In other words, prior rulings that are adverse to a party do not suffice as a legal basis on which to grant recusal. *Id.*; *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

  The motion before the Court is Plaintiff's second motion seeking the recusal of Judge Leupold. The Court denied Plaintiff's first motion (Dkt. No. 58) on the grounds that Plaintiff did not identify any extrajudicial source of bias or prejudice because "[t]he entirety of Plaintiff's motion [took] issue with prior judicial decisions of Judge Leupold." (Dkt. No. 70 at 2.) Plaintiff's instant motion must be denied on the same grounds. Plaintiff seeks recusal on the basis of the orders Judge Leupold has issued in this case and the sentiment that some of Plaintiff's filings are being disregarded. As explained above, adverse rulings are not a basis for recusal. *See Nelson*, 718 F.2d at 321. The Court accordingly AFFIRMS Judge Leupold's denial (Dkt. No. 98) of Plaintiff's motion for recusal (Dkt. No. 90).

  Dated this 22nd day of April 2024.

David G. Estudillo
United States District Judge