1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
10                   AT SEATTLE

11   Ray Clarence Rogers,                    CASE NO. 2:23-cv-1034

                         Plaintiff,          ORDER ADOPTING REPORT AND
12                                            RECOMMENDATION (DKT. NO.
          v.                                  53) DENYING PLAINTIFF'S
13                                            MOTION FOR PRELIMINARY
     King County et al,                       INJUNCTION (DKT. NO. 17)
14
                         Defendants.
15

16                      **I      INTRODUCTION**

17        Before the Court are Plaintiff Ray Clarence Rogers' Objections (Dkt. No. 64) to the

18   Report and Recommendation ("R&R") of United States Magistrate Judge Grady J. Leupold (Dkt.

19   No. 53), which recommends denying Plaintiff's motion for a preliminary injunction (Dkt. No.

20   17).  Having considered the R&R (Dkt. No. 53), Plaintiff's objections (Dkt. No. 64), Defendants'

21

22

23

24

1   response (Dkt. No. 68),[1] and the remaining record, the Court ADOPTS the R&R on the grounds

2   identified below.

3                                   **II      LEGAL AUTHORITY**

4   **A.      Standard of Review**

5           A district court reviews *de novo* "those portions of the report or specified proposed

6   findings or recommendations to which [an] objection is made."  28 U.S.C. § 636(b)(1)(C); *see*

7   *also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the

8   magistrate judge's disposition that has been properly objected to.").  Objections to an R&R must

9   be "specific."  Fed. R. Civ. P. 72(b)(2).  Mere incorporation of arguments from the underlying

10  motions, without identifying "what portions of the R&R" the objecting party "considers to be

11  incorrect," does not constitute a specific objection, *Amaro v. Ryan*, 2012 WL 12702, at *1 (D.

12  Ariz. Jan. 4, 2012), and therefore does not give rise to a court's obligation to conduct a *de novo*

13  review, *Brandon v. Department of Corr.*, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021).

14  "In the absence of a specific objection, the [C]ourt need only satisfy itself that there is no 'clear

15  error' on the face of the record before adopting the magistrate judge's recommendation."

16  *Venson v. Jackson*, 2019 WL 1531271, at *1 (S.D. Cal. April 8, 2019).

17  **B.      Preliminary Injunction Standard**

18          To prevail on a motion for a preliminary injunction, a movant must show that (1) "he is

19  likely to succeed on the merits," (2) "he is likely to suffer irreparable harm" absent preliminary

20  relief, (3) the "balance of equities" is in his favor, and (4) the relief sought "is in the public

21

22  ───────────────
    [1] The Court acknowledges Plaintiff submitted a reply in support of his objections.  (Dkt. No. 72.)

23  However, as reply briefing was not authorized, the Court only considers Plaintiff's objections and
    Defendants' response.  *See* Fed. R. Civ. P. 72(b)(2) (permitting only a response to objections);

24  LCR 72(b) ("No reply will be considered").

interest." *United States v. City of Seattle*, 474 F. Supp. 3d 1181, 1185 (W.D. Wash. 2020) (internal quotation and citation omitted).  In the alternative, a court may grant a motion for a preliminary injunction if it finds (1) "serious questions going to the merits," (2) "a balance of hardships that tips *sharply* toward the plaintiff," (3) "a likelihood of irreparable injury," and (4) "the [requested] injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (emphasis added).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Courts must be "extremely cautious" when "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo." *Committee of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986) (internal citation and quotation omitted); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (explaining that the burden on a party seeking a mandatory injunction is "doubly demanding").

## III   DISCUSSION

The R&R recommends denying Plaintiff's motion for a preliminary injunction requiring Defendants to (1) "repair the ventilation and exhaust system in Plaintiff's unit" at the King County Correctional Facility ("KCCF"), (2) provide Plaintiff with certain legal books and a "jail safety ink pen" to aid in the preparation of Plaintiff's criminal defense, and (3) "ensure Plaintiff has access to sanitary and nutritious meals."  (Dkt. No. 53 at 2.)  The Court addresses Plaintiff's specific objections to the R&R insofar as they relate to each request for injunctive relief.

### A.   Ventilation and Exhaust System Repair

The R&R recommends denying Plaintiff's request for an injunction requiring repairs to KCCF's ventilation and exhaust system because, *inter alia*, Plaintiff has not shown serious

questions going to the merits.  (Dkt. No. 53 at 4.)  In particular, the R&R concludes Plaintiff "has not plausibly alleged liability for any particular defendant," including by failing to "identify a King County 'policy or custom'" that gives rise to liability under *Monell v. Department of Soc. Services of City of New York*, 436 U.S. 658 (1978).  (*Id.* at 4–5.)

Plaintiff challenges the R&R's conclusion that he "has not plausibly alleged liability for any particular defendant" (*id.* at 4) by arguing "it can be reasonably inferred that" defendants Allen Nance and Gregg Curtis "were aware of the conditions of the unit or should have reasonably known" of them "[i]n light of Plaintiff's and other detainees' complaints."  (Dkt. No. 64 at 10.)  Plaintiff further contends that "at the pleading stage, [a plaintiff is] unlikely to have access to official governmental policies," thereby contesting the R&R's conclusion that Plaintiff was required to show the likely existence of a policy or custom.  (*Id.* at 6.)  Finally, Plaintiff argues the R&R erred by failing to consider Plaintiff's declarations while "consider[ing] false and misleading declarations and material submitted by Defendants."  (*Id.* at 4.)

The Court agrees with the R&R's conclusion that Plaintiff has not shown serious questions going to the merits because Plaintiff fails to identify a policy or custom that would support a finding of municipal liability or liability of individual defendants in their official capacities.[2]  To succeed on a § 1983 claim against a local governing body or municipal officer in his or her official capacity, a plaintiff must show the existence of a "policy or custom" that

---

[2] While Plaintiff's complaint names individual defendants in both their official and personal capacities (Dkt. No. 16 at 6), the instant motion seeks injunctive relief.  As such, the Court understands Plaintiff's claims for injunctive relief to be brought against the individual defendants in their official capacities.  *See Smith v. Municipality of Anchorage*, 2024 WL 943954, at *3 (D. Ala. March 5, 2024) ("[B]ased on Plaintiff's requested declaratory and injunctive relief, it appears that Plaintiff intends to bring suit against defendants in their official capacities."); *Lull v. County of Placer*, 2020 WL 1853017, at *6 (E.D. Cal. April 13, 2020) ("Injunctive relief is properly sought from public officials in their official capacity because it is the office, and not the particular person holding the office, that has the power to provide relief.").

served as the "moving force" behind the alleged deprivation of constitutional rights.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  A policy or custom may "include[] the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  *Endy v. County of Los Angeles*, 975 F.3d 757, 769 (9th Cir. 2020) (internal quotation and citation omitted).  To the extent a plaintiff seeks to show a policy based on a widespread practice, the practice must not be based on "isolated . . . incidents"; rather, liability "must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy."  *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 884 (9th Cir. 2022) (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)).

Neither Plaintiff's complaint nor motion identify a policy or custom that operates as the moving force behind a deprivation of Plaintiff's Fourteenth Amendment rights.[3]  (*See* Dkt. Nos. 16 at 7–17; 17 at 16–17.)  At best, Plaintiff provides two statements that allude to but do not identify a policy or custom concerning ventilation:  First, Plaintiff states in a declaration that he has been "subjected to policies and/or custom(s) that pose [a] serious risk to [his] health and infringe upon [his] federally protected constitutional rights."  (Dkt. No. 24 at 2.)  Second, Plaintiff states in his reply that the confinement of other detainees in the same unit as Plaintiff "supports [his] claim that detainees are being subjected to . . . inadequate ventilation pursuant to a custom and/or policy."  (Dkt. No. 44 at 6.)  Plaintiff's objections repeat the same theme:  Plaintiff asserts the Court can "infer[]" that "John or Jane Doe . . . acted pursuant to a long

---

[3] Plaintiff's complaint states that Plaintiff brings his claim regarding ventilation under the Fifth, Eighth, and Fourteenth Amendment. (Dkt. No. 16 at 7.)  However, conditions of confinement "[c]laims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment."  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

1  standing practice or policy" by "moving Plaintiff and other detainees" to a unit with inadequate

2  ventilation.  (Dkt. No. 64 at 9.)  The Court agrees with the R&R that such "broad and conclusory

3  allegations are insufficient" to show the likely existence of a "policy or custom" under *Monell*

4  (Dkt. No. 53 at 4–5).  *See Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) ("[A] liberal

5  interpretation of a *pro se* civil rights complaint may not supply essential elements of the claim

6  that were not initially pled") (internal citation and quotation omitted).

7        Plaintiff's objections do not require a different result.  Accepting Plaintiff's argument that

8  the Court may "infer[]" Defendants Nance and Curtis were "aware of" or "should have

9  reasonably known" of the conditions of the unit (Dkt. No. 64 at 10), Plaintiff would still be

10  required to identify a policy or custom pursuant to which Defendants Nance and Curtis operated

11  in order to obtain relief.  *See Butler v. Elle*, 281 F.3d 1014, 1026 n.9 (9th Cir. 2002) ("Local

12  government officials may be liable in their official capacities under § 1983 where their 'action

13  *pursuant to official municipal policy* of some nature caused a constitutional tort.'") (quoting

14  *Monell*, 436 U.S at 691) (emphasis added).

15        Moreover, while Plaintiff objects that a plaintiff is unlikely to have access to official

16  municipal policies at the pleading stage (Dkt. No. 64 at 6), the nature of the Court's inquiry on a

17  motion for preliminary injunction does not turn on whether the Plaintiff is at the pleading stage

18  or a later stage of the litigation.  Regardless of stage, the Court may only award injunctive relief

19  if Plaintiff makes a *clear* showing with respect to liability.  *See Winter*, 555 U.S. at 22.  This is

20  particularly true since Plaintiff seeks relief in the form of an affirmative act by Defendants and

21  not maintenance of the status quo.  *See Garcia*, 786 F.3d at 740.

22        Finally, the Court's analysis is unchanged by Plaintiff's contention that the R&R erred in

23  failing to consider Plaintiff's declarations while giving weight to Defendants' "false or

24

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 53) DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION (DKT. NO. 17) - 6

1     fraudulent" declarations.  (Dkt. No. 64 at 4, 15.)  As an initial matter, the declarations (Dkt. No.

2     45) Plaintiff asks the Court to consider were submitted with Plaintiff's reply and not his opening

3     motion.  *See Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006)

4     (declining to consider "new arguments and evidence presented for the first time in Reply" that

5     address "issues which should have been addressed in the opening brief").  And while the

6     declarations provide additional detail as to the nature of the alleged ventilation issues at KCCF,

7     Plaintiff does not explain how they demonstrate the likely existence of a municipal policy or

8     custom, or how they allow the Court to find the declarations submitted by Defendants (Dkt. Nos.

9     39, 40, 41) were false or fraudulent.

10          The Court accordingly ADOPTS the R&R on the basis that Plaintiff has not shown

11     serious questions or likely success on the merits.[4]  The Court need not reach the remaining bases

12     on which the R&R recommends denial.  *See Association des Eleveurs de Canards et d'Oies du*

13     *Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) ("when . . . a plaintiff has failed to show the

14     likelihood of success on the merits, we need not consider the remaining three" elements required

15     for injunctive relief) (internal quotation and citation omitted).

16     **B.**     **Provision of Legal Books and a Jail Safety Ink Pen**

17          The R&R recommends denying as moot Plaintiff's request for the provision of legal

18     books and a jail safety ink pen, which Plaintiff seeks to help him represent himself *pro se* in his

19     criminal matter.  (Dkt. No. 53 at 6.)  Because Plaintiff was appointed counsel in his criminal

20     matter following the filing of his motion, the R&R concludes Plaintiff cannot show a likelihood

21

---

22     [4] While not directly addressed by the R&R, the Court also observes Plaintiff has not demonstrated
    a likelihood of success in showing a constitutional violation, particularly in light of Defendants'

23     declaration suggesting the ventilation system is and has been functioning (Dkt. No. 40).  *See*
    *Garcia*, 786 F.3d at 740 (a court may not award a mandatory injunction unless the "facts *clearly*

24     *favor*" the movant's position) (emphasis in original).

of irreparable harm resulting from an inability to adequately represent himself *pro se*.  (*Id.*)

Plaintiff objects that the "appointment of counsel does not preclude preliminary injunctive relief"

as "there is a strong probability that Plaintiff may exercise his constitutional self-representation

right again."  (Dkt. No. 64 at 14.)

The Court agrees with the R&R's conclusion that Plaintiff has not shown a likelihood of

irreparable harm.  The possibility that Plaintiff may need to represent himself again is too

speculative for the Court to find Plaintiff *likely* to face irreparable harm absent relief.  *See In re*

*Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the

basis for a finding of irreparable harm.").  The Court therefore ADOPTS the R&R's conclusion

that Plaintiff has not shown irreparable harm relating to the failure to provide legal supplies.[5]

## C.      Access to Sanitary Meals

The R&R recommends denying Plaintiff's request for a preliminary injunction requiring

the provision of sanitary meals on the basis that Plaintiff does not show a likelihood of success

on the merits or irreparable harm.  (Dkt. No. 53 at 7.)  Plaintiff objects that he "stated within his

complaint that he is being subjected to a custom and/or policy that consists of being served cold

food on unsanitary food trays, causing Plaintiff harm and injury."  (Dkt. No. 64 at 8.)  Plaintiff

further argues he "need not prove that serious food-borne illness has already occurred" because

the "risk is enough" if "health hazards in food preparation and service are sufficiently gross."

(*Id.*)

---

[5] Plaintiff also objects that the R&R failed to make a "sufficient finding . . . [on] issue preclusion"
(Dkt. No. 64 at 11), taking issue with a sentence in the R&R that observed "Plaintiff [] fail[ed] to
respond to Defendants' arguments" concerning issue preclusion (Dkt. No. 53 at 6).  As the R&R
recommends denial of Plaintiff's request on the basis of a failure to show irreparable harm, the
Court does not find the R&R erred by not engaging in a complete analysis of issue preclusion.

Plaintiff's objections do not present error in the R&R.  First, Plaintiff's allegation in his complaint that a "policy and/or custom" existed pursuant to which food was provided cold and on unsanitary trays (Dkt. No. 16 at 36) is insufficient to constitute a clear showing that Defendants may be held liable under *Monell*.  Plaintiff offers only conclusory statements but not supporting facts or legal argument to show the existence of a municipal policy or custom.

Second, while the Court agrees with Plaintiff that irreparable harm does not require a plaintiff to prove an illness or other harm already occurred, *Helling v. McKinney*, 509 U.S. 25, 33 (1993), the Court nonetheless cannot find Plaintiff's allegations concerning cold food and dirty trays to give rise to a finding of likely irreparable harm.  As the R&R observes, Plaintiff "does not . . . specify how frequently he receives unsanitary trays[] [or] identify what kinds of food are being served cold and how often."  (Dkt. No. 53 at 7.)  Evidence submitted by Defendants explaining the procedures used to wash and replace trays and reflecting the facility's health inspection results (Dkt. No. 39 at 2) raises additional doubt as to whether the manner in which meals are served is likely to lead to irreparable harm.  *See Garcia*, 786 F.3d at 740 ("[M]andatory injunctions should not issue in 'doubtful cases'").

The Court accordingly AFFIRMS the R&R's conclusion that Plaintiff has not demonstrated a likelihood of success or irreparable harm arising from the provision of meals.[6]

---

[6] The Court also notes that while Plaintiff's complaint seeks relief in the form of a preliminary injunction requiring access to sanitary meals (Dkt. No. 16 at 36–37, 40), Plaintiff's motion for preliminary injunction did not include a request for such relief (*see generally* Dkt. No. 17).  Instead, Defendants on their own raised Plaintiff's request for sanitary meals in their opposition to Plaintiff's motion. (Dkt. No. 38 at 3, 5, 16–20.)  There would not have been a basis to find error in Judge Leupold's recommendation to deny relief Plaintiff had not requested.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

#### IV     CONCLUSION

Having reviewed *de novo* the portions of the R&R to which Plaintiff objects, the Court cannot find Plaintiff has made the requisite "clear showing" of entitlement to injunctive relief. *Winter*, 555 U.S. at 22.  The Court ADOPTS Judge Leupold's Report and Recommendation (Dkt. No. 53) on the bases identified above.  Plaintiff's motion for a preliminary injunction (Dkt. No. 17) is DENIED without prejudice.  The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants, and the Honorable Grady J. Leupold.

Dated this 16th day of May 2024.

David G. Estudillo
United States District Judge