UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CLARENCE ROGERS,

           Plaintiff,

v.

KING COUNTY, *et al*.

           Defendants.

CASE NO. 2:23-cv-01034-DGE-GJL

ORDER ON MOTIONS

This matter is before the Court on referral from the District Court. Currently pending before the Court is Plaintiff's Motion for Leave to Amend his Complaint and Plaintiff's Motion for Leave to File Supplemental Complaint. Dkts. 105, 110.

## I.    BACKGROUND

Plaintiff Ray Clarence Rogers, a pretrial detainee proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Third Proposed Amended Complaint on March 20, 2024. Dkt. 80. On March 28, 2024, the Court issued an Order to Show Cause or Amend, rejecting Plaintiff's Amended Complaint via screening and granting him leave to file an Amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure, does not include new claims against new defendants, and does not exceed forty-five (45) pages. Dkt. 85.

ORDER ON MOTIONS - 1

Plaintiff re-filed his Motion for Leave to Amend, along with the Fourth Proposed Amended Complaint, on May 23, 2024. Dkts. 105, 105-1. Defendants filed their Response on June 4, 2024, and Plaintiff filed his Reply on June 14, 2024. Dkts. 108, 109. While this Motion was pending, Plaintiff also filed a Motion for Leave to File Supplemental Complaint on June 14, 2024. Dkt. 110. Defendants responded on June 26, 2024. Dkt. 113.

## II.  DISCUSSION

**A.  Motion for Leave to Amend (Dkt. 105)**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Court should grant leave "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although courts consider other factors, "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation and quotation omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

In opposing a motion for leave to amend,

> [t]he non-moving party must do more than merely assert prejudice; "'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989). As a corollary, delay alone

ORDER ON MOTIONS - 2

is not sufficient to establish prejudice, nor is a need for additional discovery. *Amersham* [*Pharmacia Biotech, Inc. v. Perkin–Elmer Corp.,* 190 F.R.D. 644, 648 (N.D. Cal. 2000)]; *In re Circuit Breaker Litig.,* 175 F.R.D. 547, 551 (C.D.Cal.1997).

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015).

Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir. 1980).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s,] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff's claims in the Fourth Proposed Amended Complaint arise out of the same series of transactions and occurrences as the Operative Complaint, and common questions of law or fact exist. The claim at issue in the Fourth Proposed Amended Complaint is Count II regarding the nutritional value of menus at King County Correctional Facility. Dkt. 105-1 at 25. Specifically, Defendants argue "[t]he original claim was related to [Plaintiff's] allegation that the food trays were unsanitary[] and did not include these new allegations and defendants . . . ." Dkt. 108 at 4.

In Count V of the Operative Complaint, Plaintiff alleged he was "forced to eat cold food from plastic food meal trays that [were] unsanitarily [sic] stained and layered with uncleanable nasty black filth." Dkt. 16 at 36. As a result, Plaintiff claimed injury for "occasional food-borne

ORDER ON MOTIONS - 3

1    illnesses and sickness." *Id.* at 37. He identified Allen Nance, Jane or John Doe Food Service

2    Manager, Jane or John Doe Registered Dietician, and John Doe as Defendants. *Id.* at 36. Through

3    Doe Discovery, Defendants identified Jane or John Doe Food Service Manager as Edward

4    Norman. Dkt. 77.

5          In Count II of the Fourth Proposed Amended Complaint, Plaintiff alleges the "dietary

6    meals were… non-nutritional, discriminatory, and served under unsafe and unsanitary

7    conditions." Dkt. 105-1 at 30. The conditions alleged include not following Plaintiff's prescribed

8    medical diet, not serving food at the proper temperature to prevent bacteria growth, and not

9    providing clean food trays. *Id* at 29-36. Plaintiff identifies King County, Edward Norman,

10   Captain Jellen, Sergeant Currier, Jane or John Doe Certified Dietician, and Allen Nance as

11   Defendants. *Id.* at 26.

12         Since Edward Norman and Jane or John Doe Certified Dietician were identified in Count

13   V of the Operative Complaint, the new Defendants are Captain Jellen and Sergeant Currier.

14   Plaintiff states he "thoroughly explained to Sgt. Currier that the food [was] making [him] sick

15   from not being served at [the] proper temperature…" *Id.* at 36. Further, "Defendant Captain

16   Jellen ratified [Sergeant] Currier's response" to Plaintiff's grievances regarding the food. *Id.* at

17   37. Thus, the pleaded facts in the Fourth Proposed Amended Complaint offer a sufficient nexus

18   to determine the new claim arose out of the same series of transactions or occurrences and that

19   there are common questions of fact or law to permit joinder.

20         Furthermore, Defendants do not assert, nor does the Court find, Defendants will be

21   prejudiced if the Court allows Plaintiff leave to amend his Complaint. The new claims and

22   defendants to be included are closely related to Plaintiff's existing claim, which are based on the

23   same series of occurrences and not likely to require significant additional discovery. *See* Dkts.

24

ORDER ON MOTIONS - 4

16, 105-1. Additionally, Defendants do not assert undue delay or bad faith in their Opposition. *See* Dkt. 108.

This Court liberally construes *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As such, the Court will not deny the Motion based on Defendants' assertion that Plaintiff exceeded the Court's Order by a few pages. *See* Dkt. 108. Further, addressing Defendants' claims regarding Plaintiff's "general and conclusory statements" is premature and would be better addressed at a Motion to Dismiss stage. Since Defendants do not assert facts supporting prejudice or any other of the *Foman* factors, presumption in favor of granting leave to amend exists.

Plaintiff's Motion for Leave to Amend (Dkt. 105) is **GRANTED**. However, the Court notes the Plaintiff's Amended Complaint still refers to a Jane or John Doe registered dietician. Plaintiff describes the dietician as someone who "was required to prepare menus for detainees at KCCF [who] were prescribed medical dietary meals…" Dkt. 105-1 at 27. In the interests of justice and judicial economy, the Court **DIRECTS** Defendants to **IDENTIFY** this Doe Defendant by July 19, 2024.

**B.       Motion to Supplement Complaint (Dkt. 110)**

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1981) (internal citations omitted). In determining whether to grant leave to file a supplemental complaint, the Court

ORDER ON MOTIONS - 5

considers "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Lyon v. U.S. ICE*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Foman*, 371 U.S. at 182). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence,* 316 F.3d at 1052.

Here, Plaintiff filed the Motion to Supplement while his Motion for Leave to Amend was pending. In his Motion to Supplement, Plaintiff states he continues to be hindered by Defendants in his criminal legal defense and reiterates almost identical claims made in his Proposed Amended Complaint. *Compare* Dkt. 105-1 at 40–46 *with* Dkt. 110 at 2. The Court therefore **DENIES** Plaintiff's Motion to Supplement (Dkt. 110). However, Plaintiff also states he is no longer counseled in his criminal matter and is now proceeding *pro se*. Dkt. 110 at 2. The Court construes this statement as a Declaration.

### III.    CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

(1)   Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 105) is **GRANTED**. The Fourth Proposed Amended Complaint (Dkt. 105-1) is deemed the Operative Complaint in this matter. Defendants are **DIRECTED** to **IDENTIFY** the Doe Defendant registered dietician by July 19, 2024.

(2)   Plaintiff's Motion for Leave to File Supplemental Complaint (Dkt. 110) is **DENIED**. The Court construes Plaintiff's statement that he is proceeding *pro se* in his criminal matters as a Declaration.

//

//

(3)     Defendant's Motion to Dismiss (Dkt. 48) and Plaintiff's request to file an over-length response to that Motion (Dkt. 61) were premised on an earlier version of the Complaint. These Motions (Dkts. 48 & 61) are therefore **DENIED** as **MOOT**.

Dated this 9th day of July, 2024.

Grady J. Leupold
United States Magistrate Judge