1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

RAY CLARENCE ROGERS,

10                               Plaintiff,

                v.

11

KING COUNTY, *et al.*

12                               Defendants.

13

CASE NO. 2:23-cv-01034-DGE-GJL

ORDER ON MOTIONS

14          Plaintiff Ray Clarence Rogers, proceeding *pro se*, filed this civil rights action pursuant to

15 42 U.S.C. § 1983. Currently pending before the Court are four Motions filed by Plaintiff. Dkts.

16 137, 138, 139, 147. For the reasons set forth below, the Motions are **DENIED**.

17                               **I.      DISCUSSION**

18 **A.      Motions Regarding Service to Defendant Barbara Wakeen (Dkts. 137, 138)**

19          Plaintiff seeks an Order Extending Time to Effectuate Service of Process to Barbara

20 Wakeen (Dkt. 137) and an Order Compelling Defendants to Produce the Address of Barbara

21 Wakeen (Dkt. 138). After Plaintiff filed these Motions, Jennifer Gannon Crisera entered an

22 appearance as counsel on behalf of Defendant Wakeen. Dkt. 146. The Court then issued a new

23 Order Directing Service to the address of Defendant Wakeen's counsel. Dkt. 151. Because the

24 Court has undertaken service on Plaintiff's behalf and has issued service to Defendant Wakeen at

1  the address provided by her counsel, both of Plaintiff's Motions (Dkts. 137, 138) are **DENIED**

2  as moot.

3  **B.      Motions to Appoint Counsel (Dkts. 139, 147)**

4         Plaintiff filed two Motions to Appoint Counsel on September 3, 2024, and September 13,

5  2024, respectively. Dkt. 139. There is no constitutional right to appointed counsel in a § 1983

6  civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v.*

7  *$292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel

8  under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a

9  district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)

10 (formerly 28 U.S.C. § 1915(d)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),

11 *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional

12 circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and]

13 the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal

14 issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

15 *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he

16 has an insufficient grasp of his case or the legal issues involved and an inadequate ability to

17 articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d

18 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of

19 counsel, that is not the test. *Rand*, 113 F.3d at 1525.

20        In both Motions, Plaintiff asserts that an employee of the King County Jail, Andrea

21 Williams, is opening and scanning his legal mail without his consent and outside of his presence.

Dkt. 139 at 2, Dkt. 147 at 4.[1] Plaintiff accuses Williams of intentionally delaying Plaintiff's mail or preventing it from reaching him entirely. Dkt. 139 at 2–3. He notes that there are filings in the printout of the Court's docket that he has not received but does not specify which documents he is missing. *Id.* at 3. Plaintiff requests that the Court appoint counsel to represent him in this matter, or, alternatively, the Court should appoint counsel for the narrow purpose of assisting Plaintiff with filing and receiving legal mail. *Id.*

Plaintiff fails to demonstrate exceptional circumstances here. Plaintiff has shown a sufficient grasp of the legal issues involved in this case and has made numerous timely filings with references to other documents filed in the case. Even assuming Plaintiff's allegations regarding Ms. Williams are accurate, there is no indication that any such conduct has meaningfully impaired Plaintiff's ability to pursue this case. In addition, at this stage of the litigation, the Court cannot determine whether Plaintiff is likely to prevail on the merits.

This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. Therefore, Plaintiff's Motions to Appoint Counsel (Dkts. 139, 147) are **DENIED without prejudice**, meaning that Plaintiff may renew his request for counsel at a later date upon a showing of exceptional circumstances.

//

//

//

//

---

[1] Because Plaintiff advances substantially similar arguments in both Motions, the Court addresses them together in this Order.

## II.    CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

(1)    Plaintiff's Motions regarding service to Defendant Barbara Wakeen (Dkts. 137, 138) are **DENIED** as moot.

(2)    Plaintiff's Motions for Appointment of Counsel (Dkts. 139, 147) are **DENIED without prejudice**.

Dated this 26th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER ON MOTIONS - 4