UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CLARENCE ROGERS,

        Plaintiff,

v.

KING COUNTY, *et al.*,

        Defendants.

CASE NO. 2:23-cv-01034-DGE-GJL

ORDER ON THIRD MOTION TO RECUSE

This matter is before the Court on Plaintiff's third motion for the undersigned to recuse himself from this case (the "Motion"). *See* Dkt. 184. The undersigned **DECLINES** to recuse himself voluntarily and **REFERS** the matter to the Chief Judge for consideration.

### I.    DISCUSSION

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also shall disqualify himself where the judge meets one of five grounds specified in § 455(b). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Local Civil Rule 3(f) additionally provides that—

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff asserts that the Court "cannot act in an impartial manner" because the Court recommended granting certain portions of Defendants' Motion to Dismiss. Dkt. 184 at 3 (citing Dkt. 166 at 9–18). Plaintiff takes issue with the Court's finding that, although Plaintiff pled a valid constitutional claim against Defendants Verhelst and Skinner because they were likely aware of (and responsible for) poor ventilation in Plaintiff's unit, the same claim failed against Defendant Curtis. *Id.*; Dkt. 166 at 10.

In its Report and Recommendation, the Court acknowledged Curtis' role as a supervisor, his oversight of the "classification department," which receives grievances from inmates, and his responsibility in transferring Plaintiff to the unit at issue here. Dkt. 166 at 7, 10. The Court nevertheless found that Curtis' supervisory role was insufficient to establish liability. *Id.* at 10.

ORDER ON THIRD MOTION TO RECUSE - 2

The Court pointed to a lack of facts showing that Curtis was aware of complaints about poor ventilation, or that Verhelst or another officer indeed notified him of the issue. *Id.* Plaintiff cites paragraphs in the Amended Complaint where he alleges "it can be inferred" Curtis was aware of the ventilation issues because of Curtis' position as a supervisor. Dkt. 184 at 2–3 (citing Dkt. 116 at 21). That the Court declined to make such an inference, however, is no indication of bias against Plaintiff. Thus, Plaintiff's arguments alleging bias and its appearance are unwarranted.

## II.   CONCLUSION

The undersigned **DECLINES** to recuse himself from the matter. However, the Motion (Dkt. 184) is **REFERRED** to Chief Judge David G. Estudillo for review. The Clerk is directed to place the Motion for the recusal of the undersigned on Chief Judge Estudillo's calendar.

Dated this 12th day of March, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER ON THIRD MOTION TO RECUSE - 3