UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Ray Clarence Rogers,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>King County et al,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cv-1034<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NOS. 184, 186) |

## I    INTRODUCTION

Before the Court is Magistrate Judge Grady J. Leupold's Order Denying (Dkt. No. 186) Plaintiff's Motion to Recuse (Dkt. No. 184.)

Judge Leupold's Order is referred to the undersigned pursuant to Local Civil Rule 3(f) which provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."  LCR 3(f).

## II    LEGAL STANDARD

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

"A party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge."  *Royer v. Pennsylvania State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation omitted).  Put another way, "[a]utomatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings."  Guide to Judiciary Policy, Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics Advisory Opinions, Published Advisory Opinion No. 103, at 191, https://www.uscourts.gov/sites/default/files/2025-03/guide-vol02b-ch02.pdf.  Indeed, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  "Otherwise, litigants could 'shop' for judges simply by

generating a 'conflict' with any presiding officer who disagrees with their view of the facts or law." *Erickson v. Long Beach Mortg.*, No. C10-1423MJP, 2010 WL 11561884, at *1 (W.D. Wash. Nov. 2, 2010), aff'd sub nom. *Erickson v. Long Beach Mortg. Co.*, 473 F. App'x 746 (9th Cir. 2012) (citing *In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000)).

### III    DISCUSSION

The basis for Plaintiff's recusal motion is that Judge Leupold erred by dismissing claims Plaintiff asserted. (Dkt. No. 184 at 1.) As Judge Leupold cogently explained in his order denying the recusal motion (*see* Dkt. No. 186 at 3), this is not evidence of bias nor a valid basis for recusal. *See Liteky,* 510 U.S. at 555. Plaintiff's motion describes evidence he believes Judge Leupold failed to consider in ruling on the motion to dismiss (*see id.* at 2–3), but those arguments go to the merits of the ruling and again are not a proper basis for recusal.[1] *See Downs v. California Atty. Gen.,* 639 F. App'x 435, 436 (9th Cir. 2016) (district court did not err in denying disqualification of magistrate judge, because "disagreement with the magistrate judge's rulings does not provide a basis for recusal"); *see also Gandolfo v. Avis Budget Grp., Inc.*, No. CV 22-00246 LEK-KJM, 2023 WL 6392429, at *3 (D. Haw. Oct. 2, 2023) ("mere disagreement with the rulings cannot serve as a valid basis for recusal.").

### IV    CONCLUSION

Judge Leupold's denial of the motion to recuse (Dkt. No. 186) is AFFIRMED.

Dated this 31st day of March, 2025.

David G. Estudillo
United States District Judge

---

[1] Judge Leupold's Report and Recommendation on the Motion to Dismiss (Dkt. No. 166), and objections thereto (Dkt. Nos. 167, 169), remain pending with this Court.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NOS. 184, 186) - 3