UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CLARENCE ROGERS,<br><br>                    Plaintiff,<br>    v.<br><br>KING COUNTY, *et al.*,<br><br>                    Defendants. | CASE NO. 2:23-cv-01034-DGE-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: **May 23, 2025** |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge Grady J. Leupold. Presently pending before the Court is a Motion for Summary Judgment submitted by Defendant Barbara Wakeen. Dkt. 177.

Plaintiff Ray Clarence Rogers, proceeding *pro se* and currently incarcerated at the King County Correctional Facility ("KCCF" or "Jail"), brings suit against Defendant Wakeen and others seeking money damages and injunctive relief. Dkt. 116. In the operative pleadings, Plaintiff asserts that Defendant Wakeen, who was allegedly responsible for the safety and dietary sufficiency of Jail meals, violated his constitutional rights by serving him (1) cold meals (2) with dangerously high cholesterol content (3) on dirty food trays. Dkt. 116 at 24–38 (referring to

REPORT AND RECOMMENDATION - 1

Defendant Wakeen as "the dietician"); *see also* Dkt. 121 (identifying Defendant Wakeen as the unnamed dietician referenced by Plaintiff).

In the present Motion, Defendant Wakeen argues that Plaintiff's food safety and diet claims against her fail because a "bland diet" does not violate Plaintiff's constitutional rights and, in any event, she has no control over Plaintiff's diet or how his food is served. Dkt. 177 at 1–2. For the reasons set forth below, the Court recommends that Defendant Wakeen's Motion for Summary Judgment (Dkt. 177) be **GRANTED** and Plaintiff's claims against her be **DISMISSED with prejudice**.

## I.     PROCEDURAL HISTORY

Plaintiff initially filed a Motion to Proceed *in forma pauperis* and attached his proposed complaint on July 10, 2023. Dkt. 1. Plaintiff ultimately decided to pay the filing fee and, subsequently, filed his Complaint on August 28, 2023. Dkt. 15. Plaintiff has since amended his Complaint four times, most recently on July 9, 2024. Dkt. 116 (hereinafter "the Amended Complaint").

Defendant Wakeen is represented by separate counsel from all other Defendants in this case (the "King County Defendants"). *See* Dkts. 37, 130, 146. Following service of the Amended Complaint, the King County Defendants submitted a Motion to Dismiss for failure to state a claim, which Defendant Wakeen did not join. Dkt. 143.

On January 21, 2025, the Court recommended granting the Motion as to all claims except for Plaintiff's claim regarding inadequate ventilation raised against Defendants Lorayne Verhelst and Keith Skinner. Dkt. 166. In particular, the Court recommended Plaintiff's food safety and diet claims be dismissed against various King County Defendants for failure to state a claim. *Id.* at 12–15. Plaintiff filed objections to this and other portions of the Report and Recommendation. Dkt. 167. King County Defendants also filed objections, arguing the Court should dismiss all

REPORT AND RECOMMENDATION - 2

claims against them, including Plaintiff's inadequate ventilation claims against Defendants Verhelst and Skinner. Dkt. 169. On May 7, 2025, Chief Judge David G. Estudillo adopted and affirmed the Report and Recommendation in its entirety, overruling all objections thereto. Dkt. 192. Thus, the only claims remaining in this action are Plaintiff's food safety and diet claims against Defendant Wakeen, which are the subject of the instant Motion, and his inadequate ventilation claims against Defendants Verhelst and Skinner.

Defendant Wakeen filed the instant Motion for Summary Judgment on March 4, 2025. Dkt. 177. Plaintiff responded on March 24, 2025. Dkt. 187. Defendant Wakeen filed her Reply on April 1, 2025. Dkt. 190. Thus, the instant Motion is now fully briefed and ready for consideration by the Court.

## II.     BACKGROUND

The Court has previously set forth the underlying facts of this case in its Report and Recommendation addressing the King County Defendants' Motion to Dismiss. Dkt. 166 at 3. Relevant to the present Motion, the Court addressed Plaintiff's food safety and diet claims, which allege he was regularly served (1) cold meals (2) with dangerously high cholesterol content (3) on dirty food trays as follows:

> The Fourteenth Amendment requires only that prisoners receive food adequate to maintain health, "it need not be tasty or aesthetically pleasing." *Smith v. Penzone*, No. CV1703892PHXDGCDMF, 2018 WL 3819126, at *5 (D. Ariz. Aug. 10, 2018) (citing *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993)). Food that occasionally contains foreign objects or is sometimes served cold, while unpleasant, is not a constitutional deprivation. *Id.* Food that is spoiled or tainted, however, is inadequate to maintain health. *Smith v. Balaam*, No. 321CV00123MMDCSD, 2022 WL 22270641, at *4 (D. Nev. Apr. 1, 2022) (citing Keenan, 83 F.3d at 1091); *see Drake v. Kernan*, No. 117CV01500AWISABPC, 2018 WL 2175983, at *3 (E.D. Cal. May 10, 2018), *report and recommendation adopted*, No. 117CV01500AWISABPC, 2018 WL 3701966 (E.D. Cal. Aug. 2, 2018) (valid claim where officers issued food "tainted with odorless, nonvisible, and unknown contaminated substances" that caused plaintiff nausea, vomiting, diarrhea, and acute pain).

REPORT AND RECOMMENDATION - 3

First, Plaintiff alleges that his food was served cold—in the "danger zone" for foodborne illnesses between 41° to 140° F. Dkt. 116 at 31. As a result, Plaintiff claims he has become ill "every time that he has consumed food served with bacteria growth." *Id.* at 32. Plaintiff filed grievances and notified Defendants Jellen and Currier of the issues, requesting that Defendants test the temperature of the food and purchase insulated carts to transport the food, but his requests were denied, and he continued to be served cold food. *Id.* at 32–35.

There is "no constitutional right to be served a hot meal." *Garnica v. Washington Dep't of Corr.*, 965 F. Supp. 2d 1250, 1267 (W.D. Wash. 2013), *aff'd*, 639 F. App'x 484 (9th Cir. 2016). Even assuming the food was served cold, this fact does not demonstrate the food was per se dangerous to Plaintiff. Plaintiff does not identify how long perishable food at the Jail is exposed to cooler temperatures before being served, information critical to determining the amount of bacteria growth.[1] Plaintiff also fails to identify how often he became sick from eating the Jail's food, and how he knew that any illness was due to eating contaminated food. Nor does Plaintiff identify any odd tastes, textures, or smells in the meals to indicate they may have spoiled. Instead, Plaintiff simply claims that the Jail served cold food and he became ill from it, facts insufficient to establish a constitutional violation.

Second, Plaintiff alleges he was served a "monotonous egg diet" high in cholesterol, putting Plaintiff at increased risk of stroke or heart attack due to his high blood pressure. Dkt. 116 at 37. When he complained about the diet, "food service staff retaliated by switch[ing] Plaintiff's medical diet to a vegan diet. When Plaintiff informed food service staff that he is not vegan, Plaintiff was switched back to the monotonous egg diet." *Id.* at 30.

Even assuming Plaintiff's original diet was hazardous and posed a substantial risk to his health, Plaintiff offers no reason as to why he could not eat the vegan alternative offered. The fact that Plaintiff was provided a viable alternate diet, and declined this diet without reason, dooms his claim. *See Spahr v. Warden N.N.C.C.*, No. 323CV00045ARTCLB, 2023 WL 4456854, at *3 (D. Nev. July 10, 2023) (no violation where plaintiff "was provided appropriate substitutes after he filed a grievance").

Third, Plaintiff asserts that the Jail serves food on "trays stained with black layered uncleaned filth" which "could possibly be feces." Dkt. 116 at 31. According to Plaintiff, this caused him to "not eat anything from the tray at all, which could be at least 3–5 times a week." *Id.* Here, Plaintiff claims he submitted grievance forms which went unaddressed by Jail officials. *Id.* at 34.

---

[1] *Food Safety Myths*, Washington State Department of Health, https://doh.wa.gov/you-and-your-family/food-safety/food-safety-myths (last visited January 16, 2025) ("Perishable foods should be put in a refrigerator that is 40 degrees or below within 2 hours of preparation. If you leave food out to cool and forget about it after 2 hours, throw it away. Bacteria can grow rapidly on food left out at room temperature for more than 2 hours.").

REPORT AND RECOMMENDATION - 4

> Plaintiff does not describe what proportion of food trays were stained, the severity and size of the stains, or any differences in stains between trays. Nor does Plaintiff describe any odd textures or smells indicating stains were not merely cosmetic wear on the trays. Without elaborating further, Plaintiff muses that the stains "could possibly be feces." Dkt. 116 at 31. Such a claim is far too conclusory to survive a motion to dismiss. Food served with old or stained equipment is not, by itself, a substantial risk to a detainee's health. *See Brennan*, 2018 WL 3406948, at *9 (serving and touching food with dirty gloves does not violate the constitution); *see also Becerra v. Kramer*, No. 16 C 1408, 2017 WL 85447, at *7 (N.D. Ill. Jan. 10, 2017) ("Regarding the 'white particles' on the trays, Plaintiff again has failed to identify any evidence that the 'particles' made him ill or that they were anything other than discolorations from repeated use and cleaning").

Dkt. 166 at 12–15 (footnote in original). It was for these reasons that Plaintiff's food safety and diet claims against the King County Defendants were dismissed. *See* Dkt. 192 at 10–13, 17. However, as Defendant Wakeen did not join King County Defendants in their Motion to Dismiss, Plaintiff's food safety and diet claims against her remain pending.

Defendant Wakeen is a registered dietician who contracts with the Washington Department of Adult and Juvenile Detention to provide consultation on KCCF's breakfast, lunch, and dinner items for "mainline" diets as well as therapeutic and religious diets. Dkt. 178 at 2. In the present Motion, Defendant Wakeen argues that "monotonous" food is not a violation of Plaintiff's constitutional rights and, in any event, she had no role in choosing from which menu Plaintiff would eat or how his food would be served. Dkt. 177.

### III.   DISCUSSION

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

REPORT AND RECOMMENDATION - 5

The moving party bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the moving party does not bear the burden at trial, it can carry its initial burden by presenting evidence that negates an essential element of the nonmoving party's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Whereas, when the moving party bears the burden at trial, it can meet its initial burden by presenting evidence sufficient to demonstrate that no reasonable trier of fact could find for the nonmoving party; the evidence presented must establish beyond controversy every essential element of the claim. *Southern Cal. Gas. Co. v. City of Santa Ana*, 336 F.3d 885, 888–89 (9th Cir. 2003).

If the moving party, bearing the burden at trial or not, meets its initial responsibility, the burden then shifts to the nonmoving party to establish a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). Genuine disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *Id.*

A mere scintilla of evidence is insufficient to create a factual dispute. *Id.* at 252. Likewise, assertions based merely on the nonmoving party's belief are insufficient to oppose summary judgment, as are unsupported conjecture and conclusory allegations. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party, *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, and it may not *weigh the evidence* or *make credibility determinations*, *Anderson*, 477 U.S. at 248.

### A. Plaintiff's Rule 56(d) Request for Deferral of Summary Judgment

As an initial matter, Plaintiff argues in his response that the Motion for Summary Judgment is premature because he has not had the opportunity to conduct discovery on Defendant Wakeen. Dkt. 187 at 1–3. Pursuant to Fed. R. Civ. P. 56(d), a court may order a continuance on a motion for summary judgment if a party submits an affidavit "showing that, without Rule 56 assistance, it cannot present facts necessary to justify its claims." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Id.*

Plaintiff submitted a Declaration stating that he requires further discovery to show that Defendant Wakeen "subjected Plaintiff to unhealthy dietary meals" and "did not have medical authorization to change Plaintiff's diet," but Plaintiff otherwise provided no insight as to the specific facts he would elicit through discovery. Dkt. 188. These requests "generically describe broad categories of documents," and will not stave off the Motion for Summary Judgment here. *Croy v. Ravalli Cnty.*, 472 F. Supp. 3d 877, 884 (D. Mont. 2020). But even if Plaintiff had identified specific, existing facts, they would not be "essential" to resolving the Motion for Summary Judgment. *Id.* As discussed below, Plaintiff's food safety and diet claims fail as a matter of law. The resolution of these claims "is dispositive without the need for further discovery." *Id.*

### B. Food Safety and Diet Claims against Defendant Wakeen

The Court previously rejected Plaintiff's food safety and diet claims against the King County Defendants. Dkt. 166 at 12–15. In short, the Court found Plaintiff failed to plead a Fourteenth Amendment violation because (1) he did not allege that Jail food was cold for long

REPORT AND RECOMMENDATION - 7

enough to become dangerous; (2) he admits he was offered an alternative vegan diet to replace the diet that was allegedly high in cholesterol; and (3) his allegation of dirty or stained trays did not rise to the level of a constitutional violation. *See supra*, Part II. This reasoning is equally applicable to Plaintiff's claims against Defendant Wakeen.

In his Declaration, Plaintiff attempts to address the factual deficiencies highlighted by the Court's Report and Recommendation. In particular, Plaintiff states he did not allege "solely that monotonous dietary meals harmed or posed harm" and, instead, he "factually alleged the contents of dietary meals [is] what causes harm over long periods of time." Dkt. 188 at 2. This statement, which offers a distinction without a difference, is unpersuasive and does not demonstrate the existence of a genuine factual dispute that would prevent dismissal of his claim.

Also, as indicated above, Plaintiff asserts that he must be permitted to obtain evidence about whether Defendant Wakeen was authorized to make certain decisions about his food before the claims against her may be dismissed. *Id.* However, because Plaintiff has not plausibly alleged or otherwise demonstrated a Fourteenth Amendment violation based on the meals provided to him at KCCF, it is not necessary to resolve what, if any, role or authority Defendant Wakeen had with respect to those meals.

Finally, to the extent Plaintiff contends he is entitled to relief under the Americans with Disabilities Act ("ADA"), *see* Dkt. 188 at 2, this argument fails for a couple reasons. Most significantly, Defendant Wakeen is not a "public entity" subject to liability under the ADA. 42 U.S.C. § 12131(1); *see Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997). In addition, because Plaintiff was offered and refused an alternative diet, he cannot now claim he was denied access to prison food services "by reason of" a qualifying disability. *Id.* (quoting 42 U.S.C. § 12132).

Accordingly, Plaintiff's food safety and diet claims against Defendant Wakeen fail as a matter of law and no genuine issue of fact remains.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned recommends that Defendant Wakeen's Motion for Summary Judgment (Dkt. 177) be **GRANTED** and Plaintiff's claims against Defendant Wakeen be **DISMISSED with prejudice**.[2]

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 23, 2025**, as noted in the caption.

Dated this 8th day of May, 2025.

Grady J. Leupold
United States Magistrate Judge

---

[2] If the District Court adopts the recommendation made herein, the only claims remaining in this action will be Plaintiff's Fourteenth Amendment inadequate ventilation claims against Defendants Lorayne Verhelst and Keith Skinner alleged in Count I of the Amended Complaint. Dkt. 116 at 7–23.