UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CLARENCE ROGERS,

               Plaintiff,

    v.

KEITH SKINNER, *et al.*,

               Defendants.

CASE NO. 2:23-cv-01034-DGE-GJL

PRETRIAL SCHEDULING ORDER

      This is a civil rights action brought pursuant to 42 U.S.C. § 1983. The Court has now ruled on all pending dispositive motions and Defendants Keith Skinner and Lorayne Verhelst have filed an Answer to Plaintiff's Amended Complaint. Dkts. 192, 195, 196. Accordingly, the Court hereby establishes the following pretrial schedule:

    (1)    <u>Discovery</u>

      All discovery shall be completed by **November 3, 2025**. Service of responses to interrogatories and to requests to produce, and the taking of depositions, shall be completed by this date. Federal Rule of Civil Procedure 33(a) requires answers or objections to be served within thirty (30) days after service of the interrogatories. The serving party, therefore, must

PRETRIAL SCHEDULING ORDER - 1

serve his/her discovery requests at least thirty (30) days before the deadline in order to allow the other party time to answer. Discovery requests must be served directly on the opposing party's counsel by mail.

(2) <u>Motion to Compel to Discovery</u>

Any motion to compel discovery shall be filed not later than **October 13, 2025**. Before filing a discovery motion, the parties must confer and attempt to resolve their differences. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If unable to resolve their differences, the party filing the discovery motion must, either within the motion to compel or in a separate affidavit attached to the motion to compel, list the date, manner, and participants to the conference. If the moving party fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *See* Fed. R. Civ. P. 37 and LCR 37(a)(1).

The motion to compel must: (1) list the matters on which the parties were unable to agree; (2) identify the nature and relevance of the documents and materials sought; (3) list the reason(s) why the mandatory initial disclosures were inadequate; and, (4) explain why the discovery sought is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

(3) <u>Dispositive Motions</u>

Any dispositive motion shall be filed and served by **December 17, 2025**. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption

(immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar. Dispositive motions shall be noted for consideration on a date no earlier than 28 days after filing and service of the motion.

All briefs and affidavits in opposition to any motion shall be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7. The party making a motion may file and serve a reply to the opposing party's briefs and affidavits. Any reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.

Defendants are reminded that they **MUST** serve a *Rand* notice, in a separate document, concurrently with motions to dismiss and motions for summary judgment so that *pro se* plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

PRETRIAL SCHEDULING ORDER - 3

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added). Defendants who fail to file and serve the required *Rand* notice on the plaintiff(s) may have their motion stricken from the Court's calendar with leave to re-file.

(4) <u>Trial, Joint Pretrial Statement, and Expert Disclosures</u>

A trial date and deadlines for serving expert disclosures and filing a Joint Pretrial Statement may be established at a later date pending the outcome of any dispositive motions.

(5) <u>Proof of Service and Sanctions</u>

All motions, pretrial statements, and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting *pro se*. The proof of service shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this Court, by affidavit of the person who served the papers, or by any other proof satisfactory to the Court. Prisoners subject to the Court's Mandatory E-Filing Project may comply with this requirement by certifying as to the date the document(s) is handed to the law librarian for scanning. Failure to comply with the provisions of the Order can result in dismissal/default judgment or other appropriate sanctions.

(6) <u>Extensions</u>

The deadlines contained in this Order are firm and will not be extended by the Court except upon application to the Court with a showing of good cause.

(7) <u>Address</u>

The parties are to promptly update the Court with any change of address or other contact information.

(8) <u>Consent to a U.S. Magistrate Judge</u>

The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Rule MJR 13, to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this District thus have significant experience in all types of civil matters filed in our Court. Additional information about our District's Magistrate Judges can be found at www.wawd.uscourts.gov. If the parties wish to have the Honorable Magistrate Judge Grady J. Leupold conduct all proceedings including trial and the entry of judgment, the parties shall file a joint status report indicating that all parties consent. If any party does not consent, the parties should not provide any filing to the Court.

(9) <u>Instructions to Clerk</u>

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

Dated this 2nd day of June, 2025.

Grady J. Leupold
United States Magistrate Judge