UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CLARENCE ROGERS,

        Plaintiff,

   v.

KEITH SKINNER, *et al*.,

        Defendants.

CASE NO. 2:23-cv-01034-DGE-GJL

ORDER DENYING FOURTH MOTION TO APPOINT COUNSEL

    This *pro se* civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. Before the Court is Plaintiff Ray Clarence Rogers' fourth Motion to Appoint Counsel in this case. Dkt. 198. In their Response, Defendants Keith Skinner and Lorayne Verhelst argue the Motion should be denied because Plaintiff has not demonstrated exceptional circumstances necessary to obtain appointment of counsel at this time. Dkt. 199.

    As discussed below, the Court concludes that Plaintiff has not shown that exceptional circumstances currently exist in this case, his present indigency, or his recent efforts to obtain assistance of counsel by means other than appointment. Accordingly, his Motion (Dkt. 198) is **DENIED without prejudice**.

ORDER DENYING FOURTH MOTION TO APPOINT COUNSEL - 1

## I. DISCUSSION

There is no constitutional right to court-appointed counsel in § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). And district courts lack authority to require counsel to represent indigent prisoners in such cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). A district court may *request* that an attorney voluntarily represent an indigent plaintiff but only in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Thus, to obtain voluntary counsel, a plaintiff must plead facts showing that (1) he has an insufficient grasp of his case or the legal issues involved and (2) an inadequate ability to articulate the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, Plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel. In his Motion, Plaintiff requests court-appointed counsel to aid him in obtaining discovery in this case. Dkt. 198. Specifically, Plaintiff argues blueprints of ventilation systems and other materials are necessary for him to prove the conditions of confinement at King County Jail ("KCJ") violated his rights under the Fourteenth Amendment. *Id.* at 1–5. According to

Plaintiff, possession of those materials by detainees would pose a threat to security at KCJ and/or would not be permitted by internal policies. *Id.* In so arguing, however, Plaintiff presumes—without showing—that he is entitled to discovery of the specific materials discussed in his Motion, that he will be unable to obtain discovery of the information he seeks without the assistance of counsel, and that, without counsel, Defendants will unreasonably withhold discovery of the information Plaintiff seeks in the specific form he requests or in a suitable alternative form. In short, Plaintiff's contentions about why court-appointed counsel is required for him to conduct discovery are too speculative to warrant the appointment of counsel at this time.

Additionally, the Court observes that Plaintiff's requests and legal arguments thus far have been clear and understandable. Moreover, Plaintiff has litigated at least one § 1983 action through discovery and successfully resisted a defense motion for summary judgment without the assistance of counsel. *Rogers v. Weaver, et al.*, No. 2:23-cv-01160-JCC (W.D. Wash.). As a result, the Court finds that the present issues in this case are not so complicated—nor is Plaintiff's ability to articulate his claims so lacking—as to warrant appointment of counsel.

Finally, this Court's Plan and procedures for requesting *pro bono* representation in prisoner civil rights actions is outlined in General Order 07-23. Under the Court's Plan, *pro se* plaintiffs must submit the following when seeking appointment of voluntary counsel in civil rights actions:

> **[Section 3] (b) Motion and Declaration of *Pro Se* Litigant**. Any motion for the appointment of counsel by a party appearing *pro se* in a civil rights action **shall include a declaration** [1] stating the party's efforts to obtain counsel by means other than appointment, including having connected with at least two other attorneys without securing representation, and [2] identifying any prior pro bono appointments of counsel to represent the party in cases brought in this Court, including both pending and previously terminated actions. The declaration should further [3] state whether the *pro se* litigant has already pursued another action, such

ORDER DENYING FOURTH MOTION TO APPOINT COUNSEL - 3

as a wage claim or agency claim, before proceeding with their federal action. A completed copy of a declaration [4] stating the movant cannot afford to hire an attorney shall be attached to the motion.

*Id.* at 5 (emphasis added). Plaintiff does not submit the required declaration with his Motion. Instead, Plaintiff refers to one of his previous filings in another pending civil action to demonstrate his efforts at obtaining representation in this action and his inability to afford an attorney. Dkt. 198 at 4. This filing, which reflects Plaintiff's effort to obtain counsel and his financial status from over ten months ago, does not satisfy the requirements for obtaining appointment of voluntary counsel outlined in General Order 07-23. *See Rogers*, No. 2:23-cv-1160-JCC, Dkt. 129.

In light of Plaintiff's failure to demonstrate the existence of exceptional circumstances in this case, his recent efforts to obtain counsel by means other than appointment, and his present inability to afford an attorney, the Court concludes that the appointment of voluntary counsel is not warranted at this time.

## II.   CONCLUSION

For the above-stated reasons, Plaintiff's fourth Motion to Appoint Counsel (Dkt. 198) is **DENIED without prejudice**.

Dated this 19th day of September, 2025.

Grady J. Leupold
United States Magistrate Judge