UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CLARENCE ROGERS,

                   Plaintiff,

v.

KEITH SKINNER, *et al.*,

                   Defendants.

CASE NO. 2:23-cv-01034-DGE-GJL

ORDER DENYING MOTION TO STAY

This prisoner civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. Currently before the Court is Plaintiff Ray Clarence Rogers' Motion to Stay. Dkt. 215.[1] Because Plaintiff has not shown an indefinite stay of these proceedings is warranted and because less drastic alternative remedies remain available to him, the Motion to Stay (Dkt. 215) is **DENIED without prejudice**.

## I.     LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299

---

[1] The deadline to respond to Plaintiff's Motion has elapsed with no response received from Defendants.

ORDER DENYING MOTION TO STAY - 1

U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254).

To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## II.    DISCUSSION

In his Motion, Plaintiff seeks to stay all proceedings in this case due to his impending transfer to the Washington Department of Corrections. Dkt. 215 at 1; *see also* 216 (Notice of Change of Address). Plaintiff states that, during the transfer process, he will not have access to relevant case documents and will need to have those documents mailed to him post-transfer. Dkt. 215 at 1–2. Plaintiff does not identify a date by which he expects to regain access to his case documents and thus requests a stay of indefinite duration. *Id.*

While the Court acknowledges that transfer between correctional facilities may temporarily disrupt Plaintiff's access to case documents, Plaintiff has not shown that a complete stay of the case is necessary or that less burdensome alternatives would be inadequate. Notably, Plaintiff remains free to move for extensions of time to respond to specific deadlines impacted by his transfer. Accordingly, the Court finds that a stay of these proceedings for an indefinite period would be unduly burdensome and is not warranted at this time.

ORDER DENYING MOTION TO STAY - 2

### III.    CONCLUSION

For the above stated reasons, Plaintiff's Motion to Stay (Dkt. 215) is **DENIED without prejudice**. Plaintiff **MAY** seek extensions of time to discrete case deadlines impacted by his transfer between correctional facilities.

Dated this 19th day of February, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTION TO STAY - 3