UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CLARENCE ROGERS,

                    Plaintiff,

        v.

KEITH SKINNER, *et al.*,

                    Defendants.

CASE NO. 2:23-cv-01034-DGE-GJL

ORDER GRANTING MOTION TO EXTEND PRETRIAL DEADLINES AND DENYING MISCELLANEOUS MOTIONS

This prisoner civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court are several Motions filed by Plaintiff Ray Clarence Rogers, including Motions for Subpoena, Appointment of a Neutral Expert, Class Certification, and Extension of Pretrial Deadlines. *See* Dkts. 229, 231, 233, 234, 235. In each Motion, Plaintiff indicates he seeks Court intervention, in part, because Defense Counsel has refused to meet and confer regarding his various requests. *Id.* Plaintiff also seeks an extension of the pretrial deadlines, including the discovery deadline, so the Court may resolve the pending disputes. Dkt. 234.

//

ORDER GRANTING MOTION TO EXTEND
PRETRIAL DEADLINES AND DENYING
MISCELLANEOUS MOTIONS - 1

## I.    DISCUSSION

The Court notes that motions seeking judicial intervention in discovery are generally disfavored absent a good-faith effort to resolve disputes informally. Further, both the Federal Rules of Civil Procedure and this Court's Local Rules require parties to meet and confer, or otherwise attempt to resolve discovery disputes informally before seeking Court intervention. Fed. R. Civ. P. 37(a)(1); Local Rules W.D. Wash. LCR 37; *see also* Fed. R. Civ. P. 37(a)(5)(A) (permitting sanctions in the form of "reasonable expenses" assessed against the party and attorney whose conduct necessitated unnecessary judicial intervention in discovery).

Because Plaintiff represents that Defense Counsel has refused to meet and confer regarding the issues raised in the pending Motions, the Court finds Plaintiff's requests for Court intervention premature until that requirement is satisfied.[1] Thus, rather than ruling on Plaintiff's various requests, the Court requires Defense Counsel to meet and confer with Plaintiff and denies Plaintiff's motions without prejudice to refiling after the meet-and confer-requirement is satisfied.

Finally, the Court finds good cause to extend the current pretrial scheduling deadlines as the parties attempt to resolve their discovery disputes.

## II.    CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1.    Counsel for Defendants is **DIRECTED** to meet and confer with Plaintiff in good faith regarding the issues raised in Plaintiff's motions and other disputed discovery matters within **thirty (30) days** of the date of this Order.

2.    Counsel for Defendants **SHALL** file a declaration demonstrating compliance with the above directive not later than **June 26, 2026**.

---

[1] Although Plaintiff's Motion for Class Certification is not a core discovery matter, the issues raised therein are highly related to his other requests regarding discovery. Thus, the Court finds it appropriate to also defer resolution on that matter until after the Parties have either resolved or exhausted informal efforts at resolving Plaintiff's other requests.

ORDER GRANTING MOTION TO EXTEND
PRETRIAL DEADLINES AND DENYING
MISCELLANEOUS MOTIONS - 2

3. Plaintiff's Motion to Extend Pretrial Deadlines (Dkt. 234) is **GRANTED**, and the Court's Pretrial Scheduling Order (Dkt. 213) is **AMENDED** as follows:

a. All discovery shall be completed by **August 17, 2026**.

b. Any discovery motion shall be filed no later than **July 27, 2026**.

c. Any dispositive motion shall be filed and served no later than **September 16, 2026**.

4. Plaintiff's other pending Motions (Dkts. 229, 231, 233, and 235) are **DENIED without prejudice** and may be refiled following the Parties' meet-and-confer efforts.

Dated this 22nd day of May, 2026.

_____

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING MOTION TO EXTEND
PRETRIAL DEADLINES AND DENYING
MISCELLANEOUS MOTIONS - 3