UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CLARENCE ROGERS,<br>Plaintiff,<br>v.<br>KEITH SKINNER, *et al.*,<br>Defendants. | CASE NO. 2:23-cv-01034-DGE-GJL<br><br>ORDER CONDITIONALLY GRANTING MOTION FOR COUNSEL AND DENYING MISCELLANEOUS MOTIONS WITHOUT PREJUDICE |

This prisoner civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. Currently pending in this action is Plaintiff Ray Clarence Rogers' Motion to Appoint Counsel (Dkt. 260) and twelve other Motions addressing discovery and other matters in this case. Dkts. 265, 267, 268, 269, 270, 271, 272, 273, 276, 277, 279, 285. The Court directed Defendants Keith Skinner and Lorayne Verhelst to respond to Plaintiff's Motion to Appoint Counsel. Dkt. 264. Thereafter, Defendants filed a Response "defer[ring] to the Court's discretion as to the appointment of counsel." Dkt. 274.

Upon review, the Court finds that extraordinary circumstances warranting appointment of voluntary counsel exist in this case. Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. 260) is **CONDITIONALLY GRANTED**, and this matter is **REFERRED** to the Court's *Pro*

*Bono* Panel to identify an attorney who is available and willing to accept a voluntary appointment in this action.

Furthermore, all other pending Motions (Dkts. 265, 267, 268, 269, 270, 271, 272, 273, 276, 277, 279, 285) are **DENIED without prejudice** and all case deadlines are **STAYED** pending resolution of the above matters.

## I. LEGAL STANDARDS

There is no constitutional right to court-appointed counsel in § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). And district courts lack authority to *require* counsel to represent indigent prisoners in such cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Nonetheless, a district court may *request* that an attorney voluntarily represent an indigent plaintiff but only in "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). On the second factor, a plaintiff must plead sufficient facts to show he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither factor is dispositive, "rather they must be considered cumulatively." *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

Upon a judicial determination that exceptional circumstances warranting the appointment of counsel exist, this Court's plan and procedures for requesting *pro bono* representation in prisoner civil rights actions is outlined in General Order 06-26 (effective Jun. 1, 2026). Under the Court's plan, *pro se* plaintiffs must submit the following when seeking appointment of voluntary counsel in civil rights actions:

> **[Section 3] (b) Application and Affidavit of Pro Se Litigant.** Any application for the appointment of counsel by a party appearing *pro se* in a civil rights action shall include a summary stating the party's efforts to obtain counsel by means other than appointment, including having connected with at least two other attorneys without securing representation, and identifying any prior *pro bono* appointments of counsel to represent the party in cases brought in this Court, including both pending and previously terminated actions. The declaration should further state whether the *pro se* litigant has already pursued another action, such as a wage claim or agency claim based on the same facts before proceeding with their federal action. If the *pro se* litigant has not already been granted leave to proceed *in forma pauperis*, a completed copy of a financial affidavit stating the movant cannot afford to hire an attorney shall be attached to the application.

*Id.* at 4–5.

## II. DISCUSSION

Having considered the relevant factors, the Court concludes that extraordinary circumstances exist in this case. First, for the sole purpose of assessing whether appointment counsel is warranted, the Court finds that Plaintiff has shown a likelihood of success on the merits, although the ultimate viability of Plaintiff's claims remains contingent on facts yet to be developed through discovery. *See* Dkt. 192 at 9. Despite the importance of effective discovery to the ultimate viability of his claims, Plaintiff's recent, voluminous motion practice demonstrates his misunderstanding of the scope and nature of the claims remaining in this action and his difficulty directing litigation efforts accordingly. These circumstances significantly undermine Plaintiff's ability to continue in this litigation *pro se*.

In the approximately three weeks following Plaintiff's Motion to Appoint Counsel, Plaintiff submitted more than 1,000 pages of motions, declarations, briefing, and supporting exhibits, much of which concern ongoing discovery disputes and Plaintiff's understanding of the claims remaining in this action. *See, e.g.*, Dkts. 260–61, 265–73, 275–79. Plaintiff's filings continued in the subsequent period. *See* Dkt. 285–87, 291–92. Two recurring misunderstandings in Plaintiff's filings are particularly illustrative.

First, Plaintiff appears to misunderstand the scope of the claims remaining in this action. Following the Court's ruling on Defendants' Motion to Dismiss, Plaintiff proceeds only on his individual-capacity claims against Defendants Verhelst and Skinner concerning their alleged involvement in the inadequate ventilation systems at the King County Regional Justice Center ("KCRJC"). Dkt. 143 (Motion to Dismiss); Dkt. 166 (Report and Recommendation); Dkt. 192 (Order). No claim against King County or against any Defendant in their official capacity remains before the Court. Nevertheless, Plaintiff's recent discovery requests and related motions repeatedly seek information premised upon substantially broader theories of municipal liability. *See, e.g.*, Dkts. 269, 271; *see also* Dkt. 279. These requests have generated extensive discovery disputes concerning matters that, at least in significant part, extend beyond the claims remaining for adjudication. *See, e.g.*, Dkts. 248, 249, 250.

Second, Plaintiff appears to contemplate pursuing this action on behalf of a broader class of KCRJC detainees and has sought discovery concerning other detainees in furtherance of that objective. *See, e.g.*, Dkt. 235. Plaintiff, however, is currently proceeding *pro se* and therefore cannot represent the interests of other litigants in this action. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). His efforts to obtain discovery directed toward prospective class-wide litigation have further complicated the discovery process and diverted his attention from the individual claims presently before the Court.

Finally, the Court recognizes that Plaintiff has previously demonstrated an ability to proceed through discovery and dispositive motion practice while proceeding *pro se* in *Rogers v. Weaver*, No. 2:23-cv-1160 (W.D. Wash. filed Jul. 31, 2023). That experience, however, does not establish that Plaintiff is similarly capable of effectively developing the record in this action. The claims in *Rogers v. Weaver* were comparatively modest and concerned a First Amendment retaliation claim arising from a limited interaction between Plaintiff and a single correctional officer. *Rogers*, No. 2:23-cv-1160 at Dkts. 98, 114. Discovery was correspondingly narrow, necessarily focusing on the circumstances surrounding competing accounts of an isolated incident. *Id.*

This action presents materially different factual and discovery issues, which extend beyond Plaintiff's demonstrated ability to proceed *pro se*. Plaintiff's surviving claims concern conditions allegedly persisting over a period of months, rather than a discrete interaction occurring over a matter of hours. Effective discovery will require development of evidence concerning the physical conditions within the KCRJC, the operation and condition of its ventilation system, and what the remaining Defendants knew about those conditions and when they obtained such knowledge. Unlike in Plaintiff's prior suit, developing the record in this case potentially implicates institutional records, technical or mechanical evidence, and evidence concerning conditions not susceptible to Plaintiff's direct observation or recollection. *See also* Dkt. 274 at 4 (acknowledging that possible "disclosure of documents affecting 'safety and security of the [KCRJC]'…could necessitate appointment of counsel" in this case (quoting Dkt. 260 at 6)).

Plaintiff's demonstrated ability to conduct discovery and respond to a dispositive motion in a comparatively straightforward First Amendment retaliation action does not establish his ability to effectively litigate this case without the assistance of counsel. Indeed, Plaintiff's recent

discovery practice demonstrates that, despite substantial efforts to obtain discovery, Plaintiff has struggled to identify and pursue discovery appropriately tailored to the claims remaining in this action.

The above circumstances demonstrate Plaintiff's inability to articulate his claims *pro se* in light of their complexity. Plaintiff's persistent misunderstanding of the scope of this action has materially impaired his ability to conduct discovery directed toward the claims that remain. Considered together with the potential merit of Plaintiff's surviving claims, Plaintiff's demonstrated difficulty navigating the scope of those claims and conducting discovery weighs in favor of appointment of counsel. On balance, the Court concludes that exceptional circumstances now warrant appointment of counsel in this action. *See, e.g.*, *Kirkham v. Whatcom Cnty.*, No. 2:25-CV-208-DGE-DWC, 2026 WL 2090816, at *2–3 (W.D. Wash. July 21, 2026) (appointing *pro bono* counsel at discovery stage where the incarcerated plaintiff's demonstrated ability to litigate *pro se* in other actions did not establish his ability to adequately litigate the materially more complex legal issues presented in the instant suit); *see also* Dkt. 274 (conceding that appointment of counsel may now be "necessary to efficiently move this matter toward a resolution and a fair examination of Plaintiff's claims").

Having concluded that exceptional circumstances exist, the Court examines Plaintiff's financial eligibility for court-appointed counsel and his efforts to obtain *pro bono* counsel through other means. *See* General Order 06-26 (effective Jun. 1, 2026). Based on Plaintiff's declaration and supporting financial documentation, the Court finds that Plaintiff has demonstrated that he is presently unable to afford counsel in this action. Dkt. 261 at 3, 17–18. Plaintiff reports a prisoner trust account balance of $54.42, and an inability to earn a meaningful income while incarcerated. *Id.*

The Court also finds Plaintiff has made reasonable efforts to obtain counsel independently. In a sworn declaration, Plaintiff states he has contacted Columbia Legal Services and multiple law offices seeking *pro bono* representation. *See* Dkt. 261 at 2. Plaintiff represents that Columbia Legal Services declined representation and referred Plaintiff to additional attorneys. *Id.* at 2, 7–9. Plaintiff states he contacted several of those referred attorneys but likewise was unable to obtain representation. *Id.* at 2, 9, 12.

Plaintiff further states that he received *pro bono* representation following dispositive motion practice and ahead of trial in *Rogers v. Weaver*, No. 2:23-cv-1160 (W.D. Wash., filed Jul. 31, 2023), Dkt. 261 at 2, 14–15, which is the same matter identified above.

In light of the foregoing, the Court concludes that Plaintiff has satisfied the requirements for obtaining appointment of voluntary counsel set forth in Section 3(b) of General Order 06-26.

## III. PLAINTIFF'S OTHER MOTIONS

As noted above, Plaintiff has also filed several *pro se* Motions addressing discovery and other matters in this case. Dkts. 265, 267, 268, 269, 270, 271, 272, 273, 276, 277, 279, 285. Because the Court is staying this case while it attempts to identify *pro bono* counsel willing to represent Plaintiff, these Motions are **DENIED without prejudice**. Plaintiff **MAY** renew the request in these Motions, as appropriate, **AFTER** the stay is lifted and the Court sets new case deadlines. Plaintiff **SHALL NOT** renew the requests in these Motions or file additional motions concerning discovery while the case remains stayed.

## IV. CONCLUSION

Accordingly, the Court will appoint counsel contingent on the Court being able to locate an attorney willing to represent Plaintiff *pro bono* in this matter. Plaintiff's Motion to Appoint Counsel (Dkt. 260) is **CONDITIONALLY GRANTED**, and this matter is **REFERRED** to the *Pro Bono* Panel to identify an attorney who is available and willing to accept a voluntary

appointment in this action. The Clerk **SHALL** identify an attorney or law firm from the Court's *Pro Bono* Panel to represent Plaintiff in this case. The scope of the engagement will ultimately be between the attorney accepting voluntary appointment and the client (Plaintiff).

Plaintiff is **ADVISED** that the Court cannot force any attorney to accept a *pro bono* appointment in this case. It is possible a *pro bono* attorney will not be found and, if so, **Plaintiff will remain unrepresented**. If the Court cannot locate an attorney who is willing to provide representation within a reasonable time, the parties will be notified by a minute entry for the electronic docket, stating that the inquiry was unsuccessful and that Plaintiff will be required to continue in this action *pro se*.

Finally, all other pending Motions (Dkts. 265, 267, 268, 269, 270, 271, 272, 273, 276, 277, 279, 285) are **DENIED without prejudice** and all case deadlines are **STAYED** pending resolution of the above matters.

Dated this 6th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge